**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GERRYLEN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-08005 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit concerns Plaintiff Gerrylen Brown's credit card debt owed to Synchrony Bank ("Debt"). When Defendant Portfolio Recovery Associates, LLC ("PRA") sought to collect on the Debt, Brown challenged PRA's ownership. PRA investigated Brown's grievance but determined that its right to collect the Debt was legitimate. Brown then contacted Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, LLC ("Experian"), and Trans Union, LLC ("Trans Union")—all consumer reporting agencies ("CRAs")—to dispute the Debt's appearance on her credit reports. Brown never heard back from the CRAs. Brown subsequently sued Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Experian moved to dismiss Brown's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that she failed to allege an inaccuracy on her credit report that it was required to investigate and correct. (Dkt. No. 33.) Trans Union and Equifax joined Experian's motion. (*See* Dkt. Nos. 35, 38, 39.) Because Trans Union answered Brown's Complaint before joining the motion to dismiss (*see* Dkt. No. 12), the Court treats its joinder as a motion for judgment on the pleadings pursuant to Rule 12(c). *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) ("Rule 12(c) permits a party to move for

judgment after the complaint and answer have been filed by the parties."). Brown has since dismissed her claims against Experian (Dkt. No. 62); thus, only Trans Union and Equifax remain as movants. (The Court refers to Trans Union and Equifax, collectively, as "Defendant CRAs"). For the reasons given below, their motions to dismiss and for judgment on the pleadings are granted.

## BACKGROUND

For purposes of Defendant CRAs' Rule 12(b)(6) and Rule 12(c) motions, the Court accepts all well-pleaded facts in Brown's Complaint as true and views them in the light most favorable to her as the nonmoving party. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012) (reciting the Rule 12(b)(6) standard); *Buchanan-Moore*, 570 F.3d at 827 (reciting the Rule 12(c) standard).

As alleged in the Complaint, Brown incurred the Debt for purchases made on a consumer credit card issued by Synchrony. (Compl. ¶ 12, Dkt. No. 1.) PRA, which operates a nationwide delinquent debt collection business, subsequently undertook to collect the Debt from Brown. (*Id.* ¶¶ 4, 13.) According to Brown, however, PRA did not own the Debt and thus had no right to collect on it. (*Id.* ¶ 16.) On June 24, 2019, Brown's counsel sent a letter to PRA claiming that its reporting of her Debt to the major credit bureaus was inaccurate. (*Id.* ¶¶ 13–17.) PRA responded that it had investigated Brown's concerns and verified the Debt; however, it did not provide Brown with documentation establishing that it owned the Debt. (*Id.* ¶¶ 18–19.) In September 2019, Brown wrote to PRA again, demanding proof that PRA owned the Debt. (*Id.* ¶ 20.) PRA replied and refused to investigate the matter any further. (*Id.* ¶¶ 22–23.) PRA also sent Brown a summary of the records that it claimed demonstrated its ownership of the Debt, but Brown found the summary unsatisfactory. (*Id.* ¶¶ 24–25.)

After Brown unsuccessfully attempted to persuade PRA that it had no legitimate claim to the Debt, she wrote to Equifax, Experian, and Trans Union on October 22, 2019, concerning their reporting of the Debt. (*Id.* ¶ 30.) The CRAs never replied and the Debt continued to appear on Brown's credit reports. (*Id.* ¶¶ 31–32.) Brown alleges that in reviewing the matter, Defendant CRAs improperly relied exclusively on the information they received from PRA. (*Id.* ¶¶ 76–77, 105.)

Brown now has sued PRA under § 1681s-2(b) of the FCRA for failing to comply with its duties as a furnisher of credit information and Defendant CRAs under §§ 1681e(b) and 1681i(a) of the FCRA for inaccurate reporting and failing to conduct a proper reinvestigation, respectively. Equifax asks this Court to dismiss Brown's Complaint and Trans Union moves for judgment on the pleadings in its favor on the basis that Brown has not sufficiently alleged that her credit reports contained a factual inaccuracy.

## DISCUSSION

Under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A formulaic recitation of the elements is not enough to survive dismissal. *Id.*; *Twombly*, 550 U.S. at 555. Additionally, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). In reviewing a Rule 12(c) motion for judgment on the pleadings, the same standard applies. *Buchanan-Moore*, 570 F.3d at 827. Thus,

3

the Court will grant Trans Union's motion "if it appears beyond doubt that the plaintiff cannot prove any facts that would support h[er] claim for relief." *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

The FCRA requires CRAs to prepare consumer credit reports with "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). When a consumer disputes her report, CRAs must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" or delete the disputed items from the report. *Id.* § 1681i(a)(1)(A). As a threshold matter, under both §§ 1681e and 1681i of the FCRA, the plaintiff must show that the defendant issued a report containing inaccurate information. *Denan v. Trans Union LLC*, 959 F.3d 290, 294, 296 (7th Cir. 2020).

In analyzing FCRA claims against CRAs, the Seventh Circuit distinguishes between allegations that credit reports contain ***factual*** inaccuracies, against which the FCRA protects, and allegations of ***legal*** inaccuracies, which are better handled in suits between the creditor and debtor. *Id.* at 294–95. For instance, in *Denan*, the plaintiffs sued a CRA under §§ 1681e(b) and 1681i(a) of the FCRA for reporting that they owed a debt for payday loans, which the plaintiffs contended were void *ab initio* under state usury laws. *Id.* at 293. The Seventh Circuit affirmed the district court's entry of judgment on the pleadings in favor of the defendant CRA, finding that the alleged inaccuracies were legal rather than factual. *Id.* at 296. Specifically, the Seventh Circuit noted that the question of whether the plaintiffs' loans were valid raised numerous legal issues, including whether the choice-of-law provisions in the relevant loan agreements were enforceable, whether state laws rendered the loans void, and whether tribal sovereignty shielded the lenders from the requirements of those state laws. *Id.* at 295. The Seventh Circuit concluded that "[t]he

4

power to resolve these legal issues exceeds the competencies of consumer reporting agencies." *Id.* In contrast to the legal questions raised in *Denan*, "[f]actually inaccurate information includes inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms." *Rodas v. Experian Info. Sols., Inc.*, No. 19 C 7706, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020), *appeal docketed sub nom. Rodas v. TransUnion Data Sols. LLC*, No. 20-2392 (7th Cir. July 28, 2020).

In this case, Brown claims that Defendant CRAs falsely reported that the Debt was in collections with PRA even though PRA was not the Debt's rightful owner. Several courts in this District have recently decided that the question of whether a specific entity owns a certain debt presents, at least in part, a legal issue extending beyond the obligation of CRAs to investigate. *See, e.g.*, *Soyinka v. Equifax Info. Servs., LLC,* 20 C 1773, 2020 WL 5530133, at *5 (N.D. Ill. Sept. 15, 2020) (granting the defendant CRA's Rule 12(b)(6) motion because the plaintiff's alleged reporting error as to who owned her debt went beyond the CRA's obligation "to investigate and resolve straightforward disputes, such as the contents of a document, the existence and easily ascertained meaning of court orders, or some other truly objective matter"), *appeal docketed*, No. 20-3000 (7th Cir. Oct. 16, 2020); *Hoyos v. Experian Info. Sols., Inc.*, No. 20 C 408, 2020 WL 4748142, at *3 (N.D. Ill. Aug. 17, 2020) (granting the defendant CRAs' motions to dismiss pursuant to Rules 12(b)(6) and 12(c) where the plaintiff alleged that the CRAs inaccurately reported the ownership of his debt), *appeal docketed sub nom. Hoyos v. Equifax Info. Servs.,* No. 20-2776 (7th Cir. Sept. 16, 2020); *Rodas*, 2020 WL 4226669, at *2 (granting the defendant CRA's Rule 12(c) motion for judgment on the pleadings on the same grounds); *Chuluunbat v. Cavalry Portfolio Servs., LLC*, 20 C 164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020) (granting the defendant CRAs' Rule 12(b)(6) motion because the alleged inaccuracy of

whether a certain entity owned the plaintiff's debt was "so closely intertwined with legal questions" that it was outside the competencies of the CRAs), *appeal docketed*, No. 20-2373 (7th Cir. July 27, 2020).

In support of her claims against Defendant CRAs, Brown points to *In re Meyer*, in which the Seventh Circuit states that "[t]he question of ownership is a pure question of fact." 1998 WL 538160, at *4 (7th Cir. Aug. 21, 1998) (unpublished opinion). But the context of the *In re Meyer* decision is distinguishable from the facts presented here. That was a breach of contract case concerning whether a stock purchase agreement ultimately transferred ownership over a corporation. *Id. In re Meyer* did not arise under the FCRA, and the Court does not find it helpful in determining the sufficiency of Brown's allegations here. *See Chuluunbat*, 2020 WL 4208106, at *3 ("*In [r]e Meyer* involved ownership of a corporation, not a debt, and the FCRA was not implicated in that case as it involved a tax avoidance scheme that went askew."). Additionally, *In re Meyer* is an unpublished Seventh Circuit opinion issued before January 1, 2007, and thus cannot serve as precedent for this Court. 7th Cir. R. 32.1(b), (d); *see also Hoyos*, 2020 WL 4748142, at *2 (distinguishing *In re Meyer* on these grounds).

Brown also relies on several FCRA cases decided outside of this Circuit. *See Campbell v. Experian Info. Sols., Inc.*, No. 08-4217-CV-C-NKL, 2009 WL 3834125 (W.D. Mo. Nov. 13, 2009); *Murphy v. Midland Credit Mgmt.*, 456 F. Supp. 2d 1082 (E.D. Mo. 2006). In *Campbell*, the court denied in part the defendant CRA's motion for summary judgment where the plaintiff claimed that it falsely reported that a particular debt was associated with her Social Security number, but it had actually mixed up her file with another person's file. 2009 WL 3834125, at *1. The alleged error in *Campbell* is just the kind of factual inaccuracy that the FCRA requires CRAs to correct and does not aid Brown's cause here. The facts presented in *Murphy* are closer to those

alleged by Brown: the plaintiff was suing several CRAs for falsely reporting that she owed a debt when her late husband had opened the account jointly under her name without her knowledge. 456 F. Supp. 2d at 1086. The court denied in part the CRAs' motion for summary judgment, concluding that the plaintiff had submitted sufficient proof of a "*factual* deficiency." *Id.* at 1089 (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991)). But the *Murphy* decision is inconsistent with the Seventh Circuit's interpretation of the FCRA, which does not require CRAs to delve into a debtor's legal defenses against her creditor. *See Denan*, 959 F.3d at 296. This Court finds the recent decisions in *Soyinka*, *Hoyos*, *Rodas*, and *Chuluunbat*, which apply the law of this Circuit, more persuasive.

In short, Brown's allegation that PRA does not own her Debt raises certain legal questions—such as whether Synchrony Bank made a valid assignment of the Debt to PRA—that the FCRA does not require Defendant CRAs to resolve. Because Brown's Complaint ultimately alleges that Defendant CRAs included a legal inaccuracy in her credit reports rather than a factual inaccuracy, the motions to dismiss and for judgment on the pleadings are granted.

## CONCLUSION

For the reasons stated above, the Court grants Defendant CRAs' motions pursuant to Rules 12(b)(6) and 12(c). (Dkt. No. 33).

ENTERED:

Dated: November 30, 2020

_____
Andrea R. Wood
United States District Judge

7